1   **M. JOHN CARSON, CA Bar No. 41285**
    john.carson@wbd-us.com
2   **DREW WILSON, CA Bar No. 283616**
    drew.wilson@wbd-us.com
3   **WOMBLE BOND DICKINSON (US) LLP**
    **655 N. Central Ave., Suite 2300**
4   **Glendale, CA 91203-1445**
    **Telephone: (626) 795-9900**
5   **Facsimile: (626) 577-8800**

6   Attorneys for Plaintiff
    THE WINSFORD COMPANY, LLC
7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA
10

11
    THE WINSFORD COMPANY, LLC,         Case No. 5:25-cv-00767
12  a Delaware limited liability company,
                                        **COMPLAINT FOR:**
13           Plaintiff,
                                        **(1)  FEDERAL TRADEMARK**
14      vs.                             **     INFRINGEMENT**
                                        **     [15 U.S.C. § 1114];**
15  VEVOR STORE LLC, a California
    limited liability company, and BOZHOU  **(2)  FALSE DESIGNATION**
16  ZHONGDAXIANG TECHNOLOGY             **     OF ORIGIN;**
    CO., LTD., a Chinese limited liability  **     [15 U.S.C. § 1125(a)];**
17  company, and Shanghai Sishun
    E-COMMERCE Co., Ltd., a Chinese     **(3)  UNFAIR COMPETITION**
18  limited liability company,          **     [Cal. Bus. & Prof. Code**
                                        **     § 17200 *et seq.*];**
19           Defendants.
                                        **(4)  INFRINGEMENT**
20                                      **     OF REGISTERED**
                                        **     TRADEMARK**
21                                      **     [Cal. Bus. & Prof. Code**
                                        **     §§ 14245 and 14250]; and**
22
                                        **(5)  COMMON LAW UNFAIR**
23                                      **     COMPETITION**

24
                                        **DEMAND FOR JURY TRIAL**
25

26

27

28

127807654.1

Plaintiff The Winsford Company, LLC ("Winsford" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Vevor Store LLC ("Vevor Store") and Bozhou Zhongdaxiang Technology, Co., Ltd. ("Bozhou"), Shanghai Sishun E-COMMERCE Co., Ltd. ("Sishun") (collectively, "Defendants") as set forth below.

## THE PARTIES

1.      Winsford is a Delaware limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 1933 East Locust Street, Ontario, CA 91761.  Forbes Industries, Inc. ("Forbes") is an operating division of Winsford and is located at 1933 East Locust Street, Ontario, CA 91761.

2.      On information and belief, Vevor Store is a Nevada limited liability company with its principal place of business at 9448 Richmond PL #E, Rancho Cucamonga, CA 91730.

3.      On information and belief, Bozhou is a Chinese limited liability company with its principal place of business at XINGZHENG VIL,NIUJI TOWN, QIAOCHENG DIST NO. 41, ZHAOYANGZHUANG VIL, DAWANG BOZHOU, ANHUI CHINA 236800.

4.      On information and belief, Sishun is a Chinese limited liability company with its principal place of business at 5th Floor, Building 6, Lane 958, Jinsha Jiangxi Road, Jiading District Shanghai China 201824

## JURISDICTION AND VENUE

5.      This is an action for federal trademark infringement under 15 U.S.C. § 1114 *et seq.*, false designation of origin under 15 U.S.C. § 1125(a), unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, trademark infringement under Cal. Bus. & Prof. Code §§ 14245 and 14250, and trademark infringement and unfair competition under California common law.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-1-

127807654.1

6.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Winsford's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

7.      This Court has personal jurisdiction over Defendant Vevor Store by virtue of its residency in this district as well as by transacting, doing, and soliciting business in this district, by offering products in this district, by targeting Winsford in this district, by causing harm in this district, and because a substantial part of the relevant events occurred in this district.

8.      This Court has personal jurisdiction over Defendant Bozhou by virtue of its transacting, doing, and soliciting business in this district, by offering products in this district, shipping products to its distributors and U.S. subsidiaries in this district, and by targeting Winsford in this district, by causing harm in this district, and because a substantial part of the relevant events occurred in this district.

9.      This Court has personal jurisdiction over Defendant Sishun by virtue of its transacting, doing, and soliciting business in this district, by offering products in this district, shipping products to its distributors and U.S. subsidiaries in this district, and by targeting Winsford in this district, by causing harm in this district, and because a substantial part of the relevant events occurred in this district.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1392(b) because a substantial part of the events or omissions giving rise to Winsford's claims occurred in this judicial district. As a citizen of a foreign country Defendant Bozhou's citizenship is irrelevant for purposes of venue.

**Winsford's Development and Ownership of the Birdcage Design**

11.     For decades prior the acts complained of herein, Winsford has been continuously engaged in and has been well known for its manufacture, distribution,

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-2-

and sale, throughout the United States, of a broad list of high-quality hotel equipment.

12.     At least as early as 1983, Winsford's predecessor-in-interest, Forbes, adopted and commenced use of a "birdcage" design trademark for the upper portion of its bellman's carts (hereinafter referred to as the "Birdcage Design"). The "Birdcage Design" means a luggage cart having four (4) posts where each post has an upper portion that converges upwardly and inwardly to join posts together at a central position between the four posts.

13.     Forbes continuously manufactured and sold carts utilizing the Birdcage Design up to the date of the acquisition of Forbes by Winsford in April 1985. Winsford has manufactured and sold such carts to the present date. Winsford currently uses its Birdcage Design for goods sold in interstate commerce.

14.     Winsford's Birdcage Design is inherently distinctive and nonfunctional. Unlike traditionally shaped bellman's carts, the upper portion of Winsford's bellman's cart is curved to resemble the dome of a birdcage.

15.     Winsford and Forbes have sold substantial quantities of the Birdcage Design bellman's carts throughout the United States. Winsford has extensively promoted the Birdcage Design carts by distributing thousands of catalogs depicting the Birdcage Design cart. Those catalogs have been distributed to major hotels, independent distributors, and design houses.

16.     In addition to its carts physically embodying the birdcage design, Winsford affixes a graphical version of the Birdcage Design to the carts directly. It appears at the top center of the cart where the four posts converge.

127807654.1



17.    Winsford also attaches labels bearing the Birdcage Design to its shipping cartons containing these carts to promote its Birdcage Design and to identify its Birdcage Design bellman's carts as originating from a single source:

127807654.1



18.    As a result of Winsford's extensive and substantial promotional and sales activities and the maintenance of premium quality standards relating thereto, Winsford's Birdcage Design has become well and favorably known to purchasers as a distinctive indicator of the origin of such carts.

19.    Winsford is the owner of all rights in and to United States Trademark Registration No. 1,682,820 for the Birdcage Design for luggage carts in International Class 12 (the "'820 Registration").    The '820 Registration is incontestable and provides Winsford with the exclusive right to use the

1    Birdcage Design in connection with its bellman's carts.  A true and correct copy of

2    Winsford's trademark registration of its Birdcage Design on the Principal Register

3    of the United States Patent and Trademark Office, Registration No. 1,682,820,

4    is attached hereto as Exhibit A.



**Birdcage Design**

13    20.    Winsford is also the owner of all rights in and to United States

14    Trademark Registration No. 5,964,551 for the Birdcage Design Drawing for

15    non-motorized luggage carts in International Class 12 (the "'551 Registration").

16    The mark consists of a three-dimensional configuration of an upper portion of a

17    luggage cart having four posts, wherein each of the four posts converges inwardly

18    to join the four posts together at a central position between the posts.  The hangar

19    bar and lower portion of the luggage cart are not claimed.  A true and correct copy

20    of the '551 Registration is attached hereto as Exhibit B.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-6-

127807654.1

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Birdcage Design Drawing**

21.    Winsford is the owner of all rights in and to United States Trademark Registration No. 5,999,571 for the Birdcage Design for non-motorized luggage carts in International Class 12 (the "'571 Registration"). The mark consists of a three-dimensional configuration of an upper portion of a luggage cart having four posts, wherein each of the four posts converges inwardly to join the four posts together at a central position between the posts. The hangar bar and lower portion of the luggage cart are not claimed. A true and correct copy of the '571 Registration is attached hereto as Exhibit C.



127807654.1

**Birdcage Design**

22. Winsford is also the owner of California Trademark Registration No. 90,138 (the "'138 Registration"). A true and correct copy of the Certificate of Registration of Trademark with the Office of the Secretary of State for the State of California of the '138 Registration is attached hereto as Exhibit D.

23. Collectively, the '138 Registration, the '820 Registration, the '551 Registration, the '571 Registration, and Winsford's common law rights are herein referred to as the "Birdcage Design Trademarks." The '138, '820, '551, and '571 Registrations are valid and subsisting.

24. Through its extensive and substantially exclusive use of the Birdcage Design in connection with the sale of bellman's luggage carts and trollies, the Birdcage Design has come to acquire significant goodwill and secondary meaning in the minds of relevant consumers who now associate the Birdcage Design with Winsford.

**<u>Winsford's Discovery of the Infringing Cart</u>**

25. Winsford recently became aware of Defendants' offering of a luggage cart that features a design that is identical or nearly identical to the Birdcage Design (the "Infringing Cart").

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

127807654.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON



**Infringing Cart**

127807654.1

26.    As evident from the above photograph, the Infringing Cart shares the characteristic four post design and match the written description of the trademark as identified in the '551 Registration: "The mark consists of a three-dimensional configuration of an upper portion of a luggage cart having four posts, wherein each of the four posts converges inwardly to join the four posts at a central position between the posts."

27.    On information and belief, Bozhou and Vevor Store and Sishun are related. Bozhou is the listed owner of U.S. Trademark Application No. 98/821,853 for the mark VEVOR and Design which is used on the below identified Vevor storefronts that sell the Infringing Cart.

**VEVOR**

VEVOR and Design Mark

28.    On information and belief Sishun listed as the "Registrant Contact" for the www.vevor.com website as shown by the website's WHOIS contact information, available at https://www.whois.com/whois/vevor.com:

| 👤 Registrant Contact | |
|---|---|
| Name: | Qihua Zheng |
| Organization: | Shanghai Sishun E-COMMERCE Co., Ltd. |
| Street: | 5th Floor, Building 6, Lane 958, Jinsha Jiangxi Road, Jiading District |
| City: | Shanghai |
| State: | Shanghai |
| Postal Code: | 201824 |
| Country: | CN |
| Phone: | +86.16601839140 |
| Email: | qihua_zheng@vevor.net |

**WHOIS Information for Vevor.com**



655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

127807654.1

29.    On information and belief, Defendants offer the Infringing Cart on the Vevor website at: https://www.vevor.com/hand-trucks-c_12275/vevor-hotel-luggage-cart-1100-lbs-stainless-steel-bellman-s-cart-curved-uprights-p_010325462252.



**Infringing Cart For Sale on Vevor Website**

30.    On information and belief, Defendants offer the Infringing Cart on the Vevor Amazon.com store at: https://www.amazon.com/VEVOR-Capacity-Stainless-Bellmans-Uprights/dp/B0F1RZ14PV?th=1

127807654.1



**Infringing Cart For Sale at Vevor Amazon.com Store**

31.    On information and belief, the parties' products are luggage carts.

32.    On information and belief, the parties advertise their goods in the same marketing channels.

33.    On information and belief, the parties target the same customers.

34.    On information and belief, Defendants attempt to sell and/or sell the Infringing Cart to customers within this district.

35.    On information and belief, Defendants advertise within this district.

36.    On information and belief, Defendants were aware and/or had constructive notice of Winsford's Birdcage Design and Birdcage Design Trademarks when it designed and/or imported the Infringing Cart.

37.    Defendants' advertising and sale of the Infringing Cart is likely to cause confusion or mistake or to deceive as to the source, origin, sponsorship, and/or affiliation between Defendants and Defendants' products on the one hand, and Winsford and Winsford's products on the other hand.

38.    On information and belief, Defendants' infringement of the Birdcage Design Trademarks was and is willful and calculated to freeride on the goodwill associated with the Birdcage Design.

127807654.1

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Counterfeiting and Infringement)**

**[15 U.S.C. §§ 1114 and 1117]**

39.     Winsford realleges and incorporates by reference paragraphs 11-38 as though fully set forth herein.

40.     Defendants' sale of the Infringing Cart is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Winsford's federally registered trademark rights in Winsford's Birdcage Design Trademarks, rendering Defendant liable for trademark infringement pursuant to 15 U.S.C. § 1114.

41.     On information and belief, the Infringing Cart is a spurious designation that is identical with or substantially indistinguishable from one or more of the Birdcage Design Trademarks, thus making it a counterfeit within the meaning of the term in 15 U.S.C. § 1116(d)(1).

42.     Winsford has been damaged by Defendants' trademark infringement and counterfeiting by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendant and/or Winsford's products.

43.     By reason of Defendants' actions alleged herein, Winsford has suffered irreparable injury to its goodwill.

44.     On information and belief, Defendants' acts of trademark infringement and counterfeiting have been willful and taken without regard to Winsford's established rights.

45.     Further, through the marketing of Infringing Cart bearing the Birdcage Design that is substantially indistinguishable from the subject marks/trade dress of the Birdcage Design Trademarks, Defendants have willfully and deliberately counterfeited Winsford's trademark, thereby rendering Defendants liable to Winsford for up to $2,000,000.00 pursuant to 15 U.S.C. § 1117(c)(2).

-13-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

127807654.1

46.    Unless enjoined by this Court, Defendants will continue to counterfeit and infringe Winsford's federally registered Birdcage Design Trademarks by marketing and selling the Infringing Cart, thereby deceiving the public and causing Winsford immediate and irreparable damages for which Winsford has no adequate remedy at law.

47.    Winsford is informed and believes and, upon that basis, alleges that Defendants' acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Winsford's trademark rights. Winsford is, therefore, entitled to recover trebled damages suffered by Winsford as a result of Defendants' willful and deliberate acts.

## SECOND CLAIM FOR RELIEF
## (False Designation of Origin)
## [15 U.S.C. § 1125(a)]

48.    Winsford realleges and incorporates by reference paragraphs 11-38 as though fully set forth herein.

49.    Defendants' advertising, offering for sale, and sale of the Infringing Cart constitutes a false designation of origin and false description likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Winsford, in violation of 15 U.S.C. § 1125(a).

50.    Defendants' activities in advertising, offering for sale, and sale of the Infringing Cart constitutes an attempt by Defendants to profit from Winsford's reputation and goodwill from those likely to believe that Defendants' goods have the same characteristics or qualities of Winsford's.

51.    Winsford is informed and believes, and upon that basis alleges, that Defendants' acts have been willful, wanton, malicious, and oppressive, or committed with a reckless disregard for Winsford's rights. Winsford is, therefore, entitled to recover trebled damages suffered by Winsford as a result of Defendants' willful and deliberate acts.

-14-

127807654.1

52.    Winsford has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Winsford unless immediately enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

### [Cal. Bus. & Prof. Code § 17203]

53.    Winsford realleges and incorporates by reference paragraphs 11-38 as though fully set forth herein.

54.    Defendants' advertising, offering for sale, and sale of the Infringing Cart, which is substantially indistinguishable from or confusingly similar to Winsford's Birdcage Design, is likely to confuse and mislead customers, vendors, and the general public upon whom Winsford is dependent for the success of its business.

55.    Defendants' actions, therefore, constitute unfair, unlawful, and/or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

56.    As a result of Defendants' acts of unfair competition, Defendants have unfairly acquired or retained an amount to be proven at trial, for which Winsford is entitled to restitution, injunctive relief, and other relief, pursuant to the statute.

## FOURTH CLAIM FOR RELIEF

### (Infringement of a California Registered Trademark)

### [Cal. Bus. & Prof. Code §§ 14245, 14250]

57.    Winsford realleges and incorporates by reference paragraphs 11-38 as though fully set forth herein.

58.    Defendants' advertising, offering for sale, and sale of the Infringing Cart which are confusingly similar to Winsford's California Birdcage Design Trademark, a registered trademark with the office of the Secretary of State for the State of California and under Title 15 of the United States Code, the '138

-15-

127807654.1

Registration, constitutes unlawful infringement of Winsford's registered Birdcage Design Trademark in California within the meaning of Cal. Bus. & Prof. Code §§ 14245 and 14250.

59.    Winsford has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Winsford unless immediately enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

60.    Winsford realleges and incorporates by reference paragraphs 11-38 as though fully set forth herein.

61.    Defendants' advertising, offering for sale, and sale of the Infringing Cart is highly likely to confuse and mislead customers, vendors, and the general public upon whom Winsford is dependent for the success of its business.

62.    Defendants' activities, as alleged above, constitute "passing off," unfair methods of competition, trademark infringement, misappropriation of Winsford's goodwill in California and other states where Defendants' goods and services are being offered and/or advertised, including this district, and are a violation of California common law.

63.    As a result of Defendants' deceptive acts and practices, Winsford has suffered and will continue to suffer irreparable injury to its business and goodwill, for which Winsford is entitled to recover all compensatory damages and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Winsford prays as follows:

1.    For an order entering judgment that Defendants have infringed Winsford's exclusive rights in the Birdcage Design Trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114;

127807654.1

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

2.    For an order entering judgment that Defendants have infringed Winsford's exclusive rights in the Birdcage Design Trademarks under § 43 of the Lanham Act, 15 U.S.C. § 1125;

3.    For an order entering judgement that Defendants have engaged in counterfeiting by its sales of the Infringing Cart.

4.    For an order entering judgment that Defendants have engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code § 17203;

5.    For an order entering judgment that Defendants have infringed Winsford's exclusive rights in the Birdcage Design Trademarks under §§ 14245 and 14250 of the California Business and Professions Code;

6.    For an order entering judgment that Defendants have infringed Winsford's exclusive rights in the Birdcage Design Trademarks under California common law;

7.    For an order entering judgment that Defendants' acts of trademark infringement, unfair competition, and counterfeiting were willful;

8.    For an order preliminarily and permanently enjoining Defendants, all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendants, and each of them, from:

      a.    advertising, marketing, promoting, offering for sale, distributing, or selling the Infringing Cart;

      b.    using the Birdcage Design on or in connection with any of Defendants' goods;

      c.    using the Infringing Cart, the Birdcage Design, or any substantially indistinguishable or confusingly similar design or other colorable imitation of Winsford's Birdcage Design on or in connection with Defendants' goods;

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-17-

127807654.1

d.      using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Winsford's trademarks, trade dresses, names, or logos;

e.      using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods what is likely to cause confusion, mistake, deception, or public misunderstanding that such good or services are produced or provided by Winsford, or are sponsored or authorized by Winsford, or are in any way connected or related to Winsford;

f.      passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Winsford, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

g.      advertising, promoting, offering for sale, or selling the Infringing Cart or other similar goods;

9.      For an order requiring Defendants to recall all units of the Infringing Cart, or any other goods bearing the Birdcage Design or any other confusingly similar imitation of the Birdcage Design that are in Defendants' possession or have been shipped by Defendants or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

10.     For on order from the Court requiring Defendants and all those in privity with them to turn over to Winsford any goods and/or materials in Defendants' possession or control comprising or bearing the Birdcage Design or any design substantially indistinguishable therefrom or confusingly similar to

-18-

127807654.1



655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

thereto, or an order that all such goods and/or materials be destroyed, pursuant to 15 U.S.C. § 1118;

11. For an order that Defendants account to Winsford for any and all profits derived by Defendants from the sale or distribution of the Infringing Cart;

12. That Winsford be awarded all damages caused by the acts forming the basis of this Complaint;

13. That Winsford be awarded statutory damages for counterfeiting in the amount of $2,000,000 for Defendants' willful act of counterfeiting.

14. Based on Defendants' knowing and intentional use of a confusingly similar imitation of the Birdcage Design, for the damage awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

15. For an order requiring Defendants to pay to Winsford the costs and reasonable attorneys' fees incurred by Winsford in this action pursuant to 15 U.S.C. § 1117(a) and the relevant state statutes cited in this Complaint;

16. Based on Defendants' willful and deliberate infringement of the Birdcage Design and to deter such conduct in the future, for Winsford to be awarded punitive damages;

17. For an award to Winsford of prejudgment and post-judgment interest on all monetary awards; and

18. For such other and further relief as this Court deems just and proper.

Dated: March 26, 2025             Respectfully submitted,
                                  WOMBLE BOND DICKINSON (US) LLP

                                  By  */s/Drew Wilson*
                                  M. John Carson
                                  Drew Wilson

                                  Attorneys for Plaintiff
                                  THE WINSFORD COMPANY, LLC

-19-

## **DEMAND FOR JURY TRIAL**

Plaintiff The Winsford Company, LLC demands a jury trial of all issues in this action so triable.

Dated:  March 26, 2025                     Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By   */s/Drew Wilson*
M. John Carson
Drew Wilson

Attorneys for Plaintiff
THE WINSFORD COMPANY, LLC

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-20-

127807654.1